THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBRA VANESSA WHITE, | CASE NO. C19-0284-JCC |
| Plaintiff, | ORDER |
| v. | |
| RELAY RESOURCES and GENERAL SERVICES ADMINISTRATION, | |
| Defendants. | |

This matter comes before the Court on Defendant Relay Resources's motion to dismiss (Dkt. No. 15). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Defendant Relay Resources contracts with agencies and companies in the Pacific Northwest to fill staffing needs, specializing in finding employment for individuals with disabilities. One such agency Relay Resources contracts with is Defendant General Services Administration ("GSA"). (Dkt. No. 3 at 6.) In December 2017 or January 2018, Relay Resources hired Plaintiff Debra White as an office clerk. (*Id.* at 5–6.) Plaintiff is deaf in both ears and requires accommodations to work. (*Id.*) In February 2018, Plaintiff alleges that she received a notice to begin work at GSA's office in Auburn, Washington. (*Id.* at 6.) On March 5, Plaintiff

arrived at GSA's office, but she alleges that she did not receive any job training from any GSA employee once she arrived. (*Id*.) Plaintiff claims that she waited in the mailroom for an hour until she was told by a GSA staff member to go home because she was not scheduled to begin work that day. (*Id*.)

Three days later on March 8, Plaintiff was called back to GSA's Auburn office, where she began performing data entry work. (*Id*.) Plaintiff alleges that, almost immediately after starting at GSA, she was subjected to various forms of disability discrimination, including being disciplined for failing to hear a supervisor's instructions, being cut-off from communication with other employees, and not being granted access to a laptop or work phone. (*Id*. at 6–7.) Plaintiff also alleges that Relay Resources failed to provide reasonable accommodations for her disability, including by failing to provide Plaintiff with a sign-language translator. (*Id*.) On March 13, five days after beginning work, Plaintiff was told by a GSA employee to take the rest of the day off. (*Id.* at 7.) From March 13 until August 31, Plaintiff was kept on paid leave by Relay Resources, and was not allowed to work at GSA's Auburn office or any other Relay Resources job site. (*Id*.)

On April 24, Plaintiff attended a meeting with representatives from both Relay Resources and GSA, during which Plaintiff alleges she explained the discrimination she had suffered while working at GSA's office. (*Id*. at 8–9.) Plaintiff asserts that, after the April 24 meeting, GSA investigated her discrimination claims and informed Relay Resources that it found no wrong-doing. (*Id.* at 9.) On August 31, Plaintiff was terminated from her position with Relay Resources. (*Id*. at 11.) Plaintiff alleges that Relay Resources informed her that she had been terminated because GSA no longer contracted with Relay Resources. (*Id*.)

Plaintiff filed this lawsuit alleging nine causes of action against both Relay Resources and GSA, who she claims were joint employers. (*Id.* at 11–12.) Plaintiff brings disability discrimination claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C § 12101–02; the Americans with Disabilities Act Amendment Act of 2008 (ADAA), 42 U.S.C § 12101–02; and the Rehabilitation Act of 1973, 29 U.S.C §§ 701, 791 (Section 501), and 793

(Section 503). (*Id*. at 12–17.) Plaintiff also brings claims of intentional infliction of emotional distress ("IIED"), and negligent infliction of emotional distress ("NIED"), a claim for unpaid wages under both the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203, and the "Unpaid Wages Wage Prohibition Act" (Unpaid Wages Act), a breach of contract claim, and a claim for wrongful termination in violation of public policy. (*Id*. at 17–21.) Relay Resources moves to dismiss Plaintiff's Section 501 claim, FLSA claim, Unpaid Wages claim, and breach of contract claim. (Dkt. No. 15 at 1.)

## II. DISCUSSION

### A. Motion to Dismiss Legal Standard

The Court may dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 678. A plaintiff is obligated to provide grounds for his or her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555).

### B. Section 501 Claim

Plaintiff alleges that Relay Resources discriminated against her on the basis of her disability, in violation of Section 501 of the Rehabilitation Act. (Dkt. No. 3 at 16–17.) Section 501 provides a cause of action for federal employees who allege disability discrimination against "each department, agency, and instrumentality *in the executive branch*." 29 U.S.C. § 791 (emphasis added). Plaintiff concedes that Relay Resources is a private, non-profit corporation

and not an executive agency of the federal government. (Dkt. No. 3 at 2.) Therefore, Relay Resources motion to dismiss Plaintiff's Section 501 claim is GRANTED. Because Relay Resources cannot be held liable under Section 501, the claim is DISMISSED with prejudice.

### C.  FLSA and Unpaid Wages Act

Plaintiff alleges that, by terminating her after six months of employment, Relay Resources withheld her future earnings, in violation of both the FLSA and the Unpaid Wages Wage Prohibition Act. (*Id*. at 18–19.) In order to assert a claim under the FLSA, Plaintiff must allege facts to show that she worked for a period of time in which she was entitled to minimum wages or overtime wages, and that she did not receive those wages. *Landers v. Quality Comms. Inc*., 771 F.3d 638, 645 (9th Cir. 2015). Plaintiff does not allege that Relay Resources failed to pay her minimum wage during her period of employment or her period of paid leave. Nor does Plaintiff allege that she worked any period of overtime for which she was not compensated. Instead, Plaintiff alleges in her complaint that she lost future wages when she was improperly terminated by Relay Resources. (Dkt. No. 3 at 19.) Although the FLSA may provide recovery of future wages in limited circumstances, they are not applicable here. *See Little v. Tech. Specialty Prods., LLC*, 940 F. Supp. 2d 460 (E.D. Tex. 2013). Instead, as a general matter, the FLSA does not permit recovery of lost future wages resulting from termination. *See, e.g., Mayer v. Prof'l Ambulance, LLC*, 211 F. Supp. 3d 408, 415 (D.R.I. 2016) ("There is no support from the case law . . . for extending [The FLSA's prohibition on] unpaid minimum wages to wages that would have been earned but for a termination.")

Plaintiff does not provide any authority in support of her position that, under the FLSA, she is entitled to unpaid future wages. Therefore, Relay Resources's motion to dismiss Plaintiff's FLSA claim is GRANTED. Because Plaintiff cannot make a claim for unpaid future wages under the FLSA, this claim is DISMISSED with prejudice.

Plaintiff also alleges that Relay Resources withheld her future wages in violation of the "Unpaid Wage Wages Prohibition Act." (Dkt. No. 3 at 19.) There is no such act in the United

States Code. Therefore, Relay Resources's motion to dismiss Plaintiff's Unpaid Wages Act claim is GRANTED and the claim is DISMISSED with prejudice.

### D. Breach of Contract

Plaintiff alleges three separate theories for her breach of contract claim: (1) Relay Resources's failure to have a contract prepared for Plaintiff when she began employment; (2) Relay Resources's failure to make reasonable disability accommodations for Plaintiff; and (3) Plaintiff's termination after only six months of employment, in violation of her five-year employment contract with Relay Resources. (*Id*. at 19–20.)

Plaintiff first alleges that Relay Resources breached its contract with her by failing to prepare a contract for when Plaintiff began work at GSA. (*Id.* at 19.) To prevail on a breach of contract claim, Plaintiff must first establish the existence of a contract. *See Citoli v. City of Seattle*, 61 P.3d 1165, 1174 (Wash. Ct. App. 2004). Plaintiff cannot assert that the failure to prepare a contract is grounds for a violation of that contract. *See id*. Relay Resources's motion to dismiss Plaintiff's breach of contract claim on this theory of liability is GRANTED.

Plaintiff next alleges that Relay Resources breached its contract by failing to provide reasonable disability accommodations for Plaintiff. (Dkt. No. 3 at 20.) Plaintiff asserts that she signed hiring paperwork during a January 8 meeting with Relay Resources, and that a GSA representative informed her that it was Relay Resources's job to provide Plaintiff with disability accommodations. (*Id*. at 5, 10.) Alleging that GSA told Plaintiff that Relay Resources was responsible for Plaintiff's disability accommodations is insufficient to show that Relay Resources breached its contract with Plaintiff by failing to provide adequate accommodations. *See Keystone Land & Dev. Co. v. Xerox Corp.,* 94 P.3d 945, 949 (Wash. 2004). Defendant Relay Resources's motion to dismiss based on this theory of liability is GRANTED, and the claim is DISMISSED without prejudice and with leave to amend. In amending her complaint, Plaintiff must allege facts to establish the following: (1) a contract existed between Plaintiff and Relay Resources; (2) the contract required Relay Resources to provide disability accommodations to

Plaintiff; and (3) how Relay Resources did not provide those disability accommodations.

Finally, Plaintiff alleges that she had a contract with Relay Resources to work at GSA for a period of five years, and that Relay Resources breached that contract by terminating her six months after she began employment. (Dkt. No. 3 at 20.) Plaintiff's support for this theory that she had a five-year employment contract with Relay Resources is that her security badge had a five-year expiration date. (Dkt. No. 26 at 6.) Relay Resources alleges that the five-year term on Plaintiff's security badge is simply the activation period for the badge itself, not an offer of employment for five years. (Dkt. No. 29 at 5.) In Washington State, an employment contract is presumed to be at-will. *Thompson v. St. Regis Paper Co.*, 685 P.2d 1081, 1084 (Wash. 1984). To overcome this presumption, a plaintiff must show that her at-will employment contract was modified, and that this modification included an offer, acceptance, and consideration. *McClintick v. Timber Prods. Mfrs., Inc.,* 21 P.3d 328, 331 (Wash. 2001). Plaintiff's assertion that she was given a security badge with a term of five years is insufficient to show that Relay Resources intended to offer her a five-year employment contract. *See Keystone Land & Dev. Co.,* 94 P.3d at 949. Relay Resources's motion to dismiss Plaintiff's breach of contract claim on this theory of liability is GRANTED. The claim is DISMISSED without prejudice and with leave to amend. If she chooses to do so, Plaintiff may amend her complaint to support this claim. In doing so, she must allege facts showing that: (1) Relay Resources intended to grant Plaintiff a five-year term of employment by including such language in a contract or by otherwise modifying its employment contract with Plaintiff; and (2) Relay Resources intended to enter into a five-year employment contract with Plaintiff by giving her the security badge with a five-year term on it.

## III. CONCLUSION

For the foregoing reasons, Relay Resources motion to dismiss (Dkt. No. 15) is GRANTED. In accordance with the Court's orders:

1. Plaintiff's Section 501 claim against Relay Resources is DISMISSED with prejudice.
2. Plaintiff's FLSA claim against Relay Resources is DISMISSED with prejudice.

3. Plaintiff's Unpaid Wages claim against Relay Resources is DISMISSED with prejudice.
4. Plaintiff's breach of contract claim is DISMISSED without prejudice and with leave to amend. Plaintiff may amend her complaint, but in doing so Plaintiff must allege facts showing all portions of either of the following:
   a. (1) a contract existed between Plaintiff and Relay Resources; (2) that contract required Relay Resources to provide disability accommodations to Plaintiff; and (3) how Relay Resource breached the contract by failing to provide those accommodations. OR;
   b. (1) Relay Resources intended to grant Plaintiff a five-year term of employment by including such language in a contract or by otherwise modifying its employment contract with Plaintiff; and (2) Relay Resources intended to enter into a five-year employment contract with Plaintiff by giving her the security badge with a five-year term on it.
5. If Plaintiff chooses to file an amended complaint, Plaintiff is ORDERED to do so within 21 days of the date of this order.
6. Plaintiff is ORDERED to cabin amendment of her complaint to comport with the findings laid out in this order and the Court's order on GSA's motion to dismiss Plaintiff's claims (Dkt. No. 41.)

DATED this 9th day of July 2019.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE