UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBRA VANESSA WHITE,<br><br>            Plaintiff,<br><br>    v.<br><br>RELAY RESOURCES and GENERAL SERVICES ADMINISTRATION,<br><br>            Defendants. | CASE NO. C19-0284-JCC<br><br>ORDER |

This matter comes before the Court on Defendant General Services Administration's ("GSA") motion to dismiss (Dkt. No. 18). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

**I.    BACKGROUND**

The Court has previously set forth the underlying facts of this case and will not repeat them here. (*See* Dkt. No. 40.) Plaintiff alleges nine causes of action against Defendants Relay Resources and GSA, who she claims were her joint employers. (*Id.* at 11–12.) Plaintiff brings disability discrimination claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C § 12101–02; the Americans with Disabilities Act Amendment Act of 2008 (ADAA), 42 U.S.C § 12101–02; and the Rehabilitation Act of 1973, 29 U.S.C §§ 701, 791 (Section 501), and 793 (Section 503). (*Id.* at 12–17.) Plaintiff also brings claims for intentional infliction of

emotional distress (IIED) and negligent infliction of emotional distress (NIED); a claim for unpaid wages under both the Fair Labor Standards Act (FLSA), 29 U.S.C § 203, and the Unpaid Wages Wage Prohibition Act (Unpaid Wages Act); a breach of contract claim; and a claim for wrongful termination in violation of public policy. (*Id*. at 17–21.) GSA moves to dismiss all of Plaintiff's claims. (Dkt. No. 18.)

## II. DISCUSSION

### A. Motion to Dismiss Legal Standard

A defendant may move to dismiss an action for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) challenge to jurisdiction may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A moving party factually attacks the allegations by "disputing the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. Once a defendant challenges the alleged facts underlying jurisdiction, the plaintiff bears the burden of establishing that subject matter does in fact exist. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). A federal court is presumed to lack subject matter jurisdiction until a plaintiff establishes otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). If a plaintiff fails to exhaust her administrative remedies prior to filing a claim under the Rehabilitation Act, the Court lacks subject matter jurisdiction over the claim. *Boyd v. U.S. Postal Service*, 752 F.2d 410, 414 (9th Cir. 1985).

A defendant may also move to dismiss a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 678. A plaintiff is obligated to provide grounds for his or her entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 545 (2007). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**B.   Plaintiff's Claims**

*1.   ADA, ADAA, and Wrongful Termination*

Plaintiff alleges that GSA discriminated against her in violation of the ADA and the ADAA. (Dkt. No. 3 at 12–16.) Plaintiff also alleges she was wrongfully discharged because of her disability in violation of public policy. (*Id*. at 20.) The exclusive remedy for a federal employee claiming disability discrimination is under the Rehabilitation Act. *Johnston v. Horne*, 875 F.2d 1415, 1418–19 (9th Cir. 1989); *see Cornette v. Potter*, Case No. C09-5373-BHS, Dkt. No. 48 at 5 (W.D. Wash. 2009) (dismissing the plaintiff's ADA claim as preempted by the Rehabilitation Act). Plaintiff was a federal employee because she was employed by GSA, which is an agency of the executive branch of the federal government. *See* 40 U.S.C. § 302. Therefore, Plaintiff's discrimination claims under the ADA and the ADAA, and her wrongful termination claim, are preempted by the Rehabilitation Act. *See Cornette*, Case No. C09-5373-BHS, Dkt. No. 48 at 5. GSA's motion to dismiss Plaintiff's ADA, ADAA, and wrongful termination claims is GRANTED. Because GSA cannot be held liable on these facts under these causes of action, the claims are DISMISSED with prejudice.

*2.   Section 501*

Plaintiff alleges that GSA discriminated against her on the basis of her disability in violation of Section 501. (Dkt. No. 3 at 16.) Section 501 requires federal employers to develop and implement affirmative action plans for disabled employees, and provides a private cause of action for violations. *Johnston,* 875 F.2d at 1418. Plaintiffs pursuing a disability discrimination claim under Section 501 must follow the procedures laid out by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C § 2000(e). *See Brown v. GSA*, 425 U.S. 820, 835 (1976). "Title VII provides the exclusive judicial remedy for claims of discrimination in federal employment."

*Id.* Title VII requires a plaintiff to exhaust her administrative remedies prior to filing a lawsuit. *Vinieratos v. U.S. Dep't of Air Force through Aldridge*, 939 F.2d 762, 768 (9th Cir. 1991).

To exhaust her administrative remedies, a plaintiff must: (1) file a pre-complaint within 45 days of the alleged discriminatory behavior; (2) file a formal complaint with the agency alleged to have participated in the discrimination; and (3) receive a notice of final agency decision from the agency or an administrative law judge. *Vinieratos*, 939 F.2d at 768–69. A plaintiff has 90 days after receiving the notice of final agency decision to file a civil action in federal court. *Norris v. Foxx*, Case No. C13-5928-BHS, Dkt. No. 26 at 4 (W.D. Wash. 2014).

Plaintiff claims that she informed "GSA person 2" about the discrimination she faced, and that GSA subsequently conducted an investigation into her allegations. (Dkt. No. 3 at 9.) Plaintiff states that GSA informed Relay Resources that there was no evidence of disability discrimination. (*Id.*) Plaintiff has also provided evidence that she filed a "pre-complaint" with GSA's Equal Employment Opportunity ("EEO") office. (Dkt. No. 25-1 at 2.) But this is insufficient to show exhaustion of Plaintiff's administrative remedies because Plaintiff must provide evidence that she received notice of a final agency decision from GSA's EEO office, confirming her right to sue in federal court. *See Vinieratos*, 939 F.2d at 768. GSA has shown that the Court lacks subject matter jurisdiction over this claim because Plaintiff failed to file a formal complaint with GSA's EEO office, and therefore failed to receive a notice of final agency decision. (Dkt. No. 20 at 2.) Plaintiff neither provides documentation of a notice of final agency decision nor alleges that she received such a notice. Thus Plaintiff has not alleged facts sufficient to show that she has exhausted her administrative remedies[1]. GSA's motion to dismiss Plaintiff's Section 501 claim is GRANTED. Plaintiff's claim is DISMISSED without prejudice.

---

[1] Plaintiff does allege that she received a "right to sue" notice from the Equal Employment Opportunity Commission ("EEOC") field office. (Dkt. No. 1-2 at 1.) But this is insufficient to allege a claim against an executive agency such as GSA because, a complaint must be filed directly with the agency that allegedly discriminated against the complainant. *See* 29 C.F.R. § 1614.16(a). In order to allege a cause of action under Section 501, Plaintiff must receive a final agency decision from the GSA EEO office, not an EEOC field office.

### 3. Section 503

Plaintiff alleges that GSA discriminated against her on the basis of her disability in violation of Section 503. (Dkt. No. 3 at 16–17.) Section 503 does not provide a private cause of action for a federal employee against a federal employer. *Fisher v. City of Tucson*, 663 F.2d 861, 865 (9th Cir. 1981). Therefore, Defendant's motion to dismiss Plaintiff's Section 503 claim is GRANTED. As Plaintiff is barred from bringing a Section 503 claim as a private citizen, the claim is DISMISSED with prejudice.

### 4. NIED and IIED

Plaintiff alleges IIED and NIED claims resulting from GSA's alleged discrimination and termination of her employment because of her disability. (Dkt. No. 3 at 18.) As Plaintiff's NIED and IIED claims arise out of the same predicate facts as her discrimination claims under the Rehabilitation Act, her claims are preempted by her Section 501 claim. *See Shepard v. Winter*, Case No. C06-5463-RBL, Dkt. No. 18 at 12–13 (W.D. Wash. 2007).

Nevertheless, Plaintiff may allege her NIED and IIED claims as separate causes of action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). *See McNeil v. United States*, 508 U.S. 106, 113 (1993). In order to do so, Plaintiff must exhaust her administrative remedies. Specifically, Plaintiff must present the claim to GSA and receive a final denial of her claim from GSA. *See* 28 U.S.C. § 2675(a). GSA has shown that the Court lacks subject matter jurisdiction because it has provided evidence that Plaintiff did not present a formal claim to GSA's Office of General Counsel, which is responsible for handling tort claims against GSA. (Dkt. No. 21 at 2.) Plaintiff has neither produced evidence to refute this claim nor presented evidence that she received a final denial of her claim from GSA. For this reason, Defendant's motion to dismiss Plaintiff's IIED and NIED claims is GRANTED, and the claims are DISMISSED without prejudice.

### 5. FLSA and Unpaid Wages Act

Plaintiff alleges that by terminating her after six months of employment, GSA withheld

her future earnings in violation of both the FLSA and the "Unpaid Wages Wage Prohibition Act". (Dkt. No. 3 at 18–19.) In order to assert a claim under the FLSA, Plaintiff must allege facts to showing that she worked for a period of time during which she was entitled to minimum wages or overtime wages, and that she did not receive those wages. *Landers v. Quality Comms. Inc.*, 771 F.3d 638, 645 (9th Cir. 2015). Plaintiff does not allege that GSA failed to pay her minimum wage during her period of employment or her period of paid leave. Nor does Plaintiff allege that she worked any period of overtime for which she was not compensated. Instead, Plaintiff alleges that she lost future wages when she was improperly terminated by GSA. (Dkt. No. 3 at 19.) Although the FLSA may provide recovery of lost future wages in limited circumstances, such circumstances are not present here. *See Little v. Tech. Specialty Prods., LLC*, 940 F. Supp. 2d 460 (E.D. Tex. 2013). Instead, as a general matter, the FLSA does not permit recovery of lost future wages resulting from termination. *See, e.g., Mayer v. Prof'l Ambulance, LLC*, 211 F. Supp. 3d 408, 415 (D.R.I. 2016) ("There is no support from the case law . . . for extending [the FLSA's prohibition on] unpaid minimum wages to wages that would have been earned but for a termination."). Plaintiff does not provide any authority in support of her position that, under the FLSA, she is entitled to unpaid future wages. Therefore, GSA's motion to dismiss Plaintiff's FLSA claim is GRANTED. Because Plaintiff cannot make a claim for unpaid future wages under the FLSA, this claim is DISMISSED with prejudice.

Plaintiff also alleges that GSA withheld her future wages in violation of the "Unpaid Wage Wages Prohibition Act." (Dkt. No. 3 at 19.) There is no such act in the United States Code. Therefore, GSA's motion to dismiss Plaintiff's Unpaid Wages Act claim is GRANTED, and the claim is DISMISSED with prejudice.

### 6. Breach of Contract

Finally, Plaintiff alleges several grounds on which GSA breached its contract with her. (Dkt. No. 3 at 19–20.) To prevail on a breach of contract claim, a plaintiff must first establish the existence of a valid and enforceable contract. *Citoli v. City of Seattle*, 61 P.3d 1165, 1174 (Wash.

Ct. App. 2004). Plaintiff has provided no evidence that a valid contract existed between herself and GSA. Plaintiff does allege that she signed hiring papers with Relay Resources (Dkt. No. 3 at 5), but does not allege that she ever entered into any contract with GSA. GSA's motion to dismiss Plaintiff's breach of contract claim is GRANTED, and the claim is DISMISSED without prejudice and with leave to amend. In amending her complaint, Plaintiff must allege facts establishing each of the following: (1) a contract existed between Plaintiff and GSA; (2) the specific provisions which imposed a duty on GSA; and (3) how GSA breached the contract.

### C. Failure to Properly Serve

GSA also moves to dismiss Plaintiff's claims for failure to properly serve the United States. (Dkt. No. 18 at 4.) Under Federal Rule of Civil Procedure 4(i)(2), Plaintiff is required to serve both the executive agency (GSA) and the United States Attorney's Office in the district where the action is brought. Fed. R. Civ. P. 4(i)(2). GSA states that Plaintiff never properly served the United States Attorney's Office for the Western District of Washington with a copy of the complaint and summons. (Dkt. No. 18 at 4.) Plaintiff provides no evidence to dispute this fact. For this reason, GSA's motion to dismiss all claims against it is GRANTED. Plaintiff's claims are DISMISSED without prejudice. If Plaintiff wishes to amend her breach of contract claim against GSA in accordance with this order, Plaintiff is ORDERED to deliver a copy of her amended complaint and summons to the United States Attorney's Office at 700 Stewart St., Ste. 5220, Seattle, Washington 98101.

## III. CONCLUSION

For the foregoing reasons, GSA's motion to dismiss (Dkt. No. 18) is GRANTED. The Court ORDERS that:

1. Plaintiff's ADA claim against GSA is DISMISSED with prejudice.
2. Plaintiff's ADAA claim against GSA is DISMISSED with prejudice.
3. Plaintiff's Section 501 claim against GSA is DISMISSED without prejudice.
4. Plaintiff's Section 503 claim against GSA is DISMISSED with prejudice.

1.    5. Plaintiff's NIED and IIED claims against GSA are DISMISSED without prejudice.

2.    6. Plaintiff's FLSA claim against GSA is DISMISSED with prejudice.

3.    7. Plaintiff's Unpaid Wages Act claim against GSA is DISMISSED with prejudice.

4.    8. Plaintiff's wrongful termination claim against GSA is DISMISSED with prejudice.

5.    9. Plaintiff's breach of contract claim is DISMISSED without prejudice, and with leave to amend. In amending her complaint, Plaintiff must allege facts establishing each of the following: (1) a contract existed between Plaintiff and GSA; (2) the specific provisions which imposed a duty on GSA; and (3) how GSA breached the contract.

Any amended complaint must comply with this order and the Courts order on Relay Resources's motion to dismiss (Dkt. No. 40), and be filed within 21 days of the date this order is issued. If Plaintiff chooses to file an amended complaint, Plaintiff is ORDERED to serve a copy of the complaint and summons to the United States Attorney's Office at 700 Stewart St., Ste. 5220, Seattle, Washington 98101.

DATED this 9th day of July 2019.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-0284-JCC
PAGE - 8