THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBRA VANESSA WHITE,

        Plaintiff,

   v.

RELAY RESOURCES and GENERAL
SERVICES ADMINISTRATION,

        Defendants.

CASE NO. C19-0284-JCC

ORDER

This matter comes before the Court on Defendant Relay Resources' motion to dismiss (Dkt. No. 52). Having considered the parties' briefing and the relevant record, the Court STRIKES the claims against the Relay Resources' in Plaintiff's amended complaint (Dkt. No. 47) and DENIES Relay Resources' motion to dismiss as moot.

## I. BACKGROUND

The Court previously set forth the underlying facts of this case and will not repeat them here. (*See* Dkt. No. 40 at 1–3.) On July 9, 2019, the Court dismissed all but one of Plaintiff's claims against Relay Resources. (*See id.* at 6–7.) In doing so, the Court granted Plaintiff leave to amend her breach of contract claim. (*See id.* at 5–7.) Plaintiff subsequently filed an amended complaint, but she did not amend her breach of contract claim. (*See generally* Dkt. No. 47.) Instead, Plaintiff added several new defendants and asserted 10 new claims against Relay

Resources. (*See generally id.*) Relay Resources now moves to dismiss all but one of Plaintiff's new claims on the grounds that (1) Plaintiff did not comply with the Court's July 9 order, (*see* Dkt. No. 52 at 2–3), and (2) the amended complaint fails to state claims for which relief can be granted, (s*ee id.* at 4–11). In the alternative, Relay Resources asks the Court to direct Plaintiff to file a more definitive statement of her claims. (*See id.* at 9.)

## II. DISCUSSION

### A. Plaintiff's Compliance with the Court's Order

As the Court previously set forth in a different order, Relay Resources incorrectly construes the Court's July 9 order as having barred Plaintiff from seeking to amend her complaint by adding new claims. (*See* Dkt. No. 80 at 2.) Because Plaintiff may still seek leave to amend her complaint but must request the Court's permission to do so in a motion, the Court will construe Plaintiff's amended complaint as a motion for leave to amend. (*See id.* at 2–4) (citing Fed. R. Civ. Pro. 7(b)(1), 15(a)). Accordingly, the Court must analyze Plaintiff's implied "motion" under Rule 15(a) instead of Rule 12(b).

Rule 15(a)(2) states that "[the] court should freely give leave [to amend] when justice so requires." However, leave "need not be granted where the proposed amendment is futile." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011). A proposed amendment is futile if it would be "subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). The test for whether a proposed amendment is futile is, therefore, identical to the test for whether a pleading survives a challenge under Rule 12(b)(1) or (6).[1] *See Nordyke*, 644 at 788 n.12 (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Accordingly, Plaintiff must establish that the Court has subject matter jurisdiction over each of her new claims. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Plaintiff must also allege sufficient facts, accepted as true, to state a claim for relief that is plausible on its face.

---

[1] Given that the tests are identical, the Court will treat Relay Resources' arguments under 12(b)(1) and (6) as arguments for why Plaintiff's proposed amendments are futile.

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678.

**B.     The Merits of Plaintiff's New Claims**

Plaintiff proposes to add 10 claims against Relay Resources. For the reasons explained below, the Court finds that except for her sixth claim, all of Plaintiff's proposed claims are futile. The Court further finds that Plaintiff's sixth claim is redundant with claims in her original complaint.

1.     Count I

In Count I, Plaintiff brings a claim under 18 U.S.C. § 371 for "Defrauding the United States." (*See* Dkt. No. 47 at 8.) It is unclear, however, how Relay Resources allegedly defrauded the United States; Plaintiff's factual allegations relate only to her inability to "use the computer" or access other information. (*See id.*) More importantly, 18 U.S.C. § 371 "do[es] not provide for a private right of action." *Henry v. Universal Tech. Inst.*, 559 Fed. App'x 648, 650 (9th Cir. 2014). Count I therefore fails to state a claim.

2.     Count II

For Count II, Plaintiff brings a claim under 18 U.S.C. Chapter 47. (*See* Dkt. No. 47 at 8–9.) Chapter 47, like the rest of the United States Criminal Code, "provide[s] no basis for civil liability." *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Accordingly, Count II fails to state a claim.

3.     Count III

Count III appears to be a due process claim. (*See* Dkt. No. 47 at 9.) To have a valid due process claim, a plaintiff must have a protected property interest. *Perry v. Sindermann*, 408 U.S. 593, 599 (1972). "A government employee has a constitutionally protected property interest in continued employment when the employee has a legitimate claim of entitlement to the job." *See Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). Whether an employee has

such a claim is usually determined by state law. *See id.* "If under state law, employment is at-will, then the claimant has no property interest in the job." *Id.*

Here, Plaintiff has not alleged sufficient facts to show that she had a constitutionally protected property interest. In the Court's July 9 order, the Court found that it was unclear whether Plaintiff's original complaint alleged the existence of a contract between Plaintiff and Relay Resources. (*See* Dkt. No. 40 at 5–6.) The Court also found that even if Plaintiff did allege that a contract existed, she had not overcome the presumption that a Washington employment contract is at-will. (*See id.* at 6) (citing *Thompson v. St. Regis Paper Co.*, 685 P.2d 1081, 1084 (Wash. 1984)). The Court therefore gave Plaintiff leave to amend her complaint to show, if she could, that a contract existed between Plaintiff and Relay Resources and that Relay Resources intended to grant Plaintiff a long-term employment contract. (*See id.* at 5–6.) In response to the Court's July 9 order, Plaintiff did not amend her complaint to show the existence of a long-term employment contract. Instead, Plaintiff alleges that Relay Resources violated her "liberty to work" by "treating [her] as if she is a criminal . . . and requir[ing] [her] to provide an opportunity to appeal to EEOC and GSA EEO to explain her side of the story." (*See* Dkt. No. 47 at 9.) These new allegations fail to establish that Plaintiff's employment with Relay Resources—if it existed—was anything other than at-will. Consequently, Count III fails to state a claim. *See Portman*, 995 F.2d at 904.

### 4. Count IV

Count IV is a claim for "Violation of the Wagner Act Known as the National Labor Relations Act of (1935)." (Dkt. No. 47 at 9–10.) The National Labor Relations Board has exclusive jurisdiction over claims brought under the NLRA for unfair labor practices by employers. *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 108 (1989). Count IV therefore fails to state a claim over which the Court has jurisdiction.

### 5. Count V

In Count V, Plaintiff alleges that Relay Resources violated Title VII by refusing to enter

into a contract with Plaintiff because of her "deaf accent." (*See* Dkt. No. 47 at 10.) A person's accent can sometimes serve as a proxy for their race or national origin. *See Conti v. Corp. Servs. Group, Inc.*, 2013 WL 2297140, slip op. at 7 (W.D. Wash. 2013) (citing *Fragrante v. City & County of Honolulu*, 888 F.2d 591, 596 (9th Cir. 1989)) ("[B]ecause accent is often tied to national origin in a way that language ability is not, the law is suspicious of decisions based on accent."). Accordingly, discrimination based on a person's accent can be actionable under Title VII. *See id.* at 7–8. Yet, Title VII does not prohibit discrimination based on a person's disability. *See* 42 U.S.C. § 2000e-2. And in this case, Plaintiff's "deaf accent" serves as a proxy for (or is a part of) her disability—not her race or national origin. As a result, Count V fails to state a claim.

### 6. Count VI

Relay Resources does not ask the Court to address Count VI. However, Count VI is a restatement of Plaintiff's disability discrimination claim from her original complaint, (*compare* Dkt. No. 47 at 10–11, *with* Dkt. No. 3 at 12–16), and Federal Rule of Civil Procedure 12(f) authorizes the Court to strike any "redundant . . . matter." Accordingly, the Court STRIKES Count VI as redundant with Plaintiff's original complaint.

### 7. Count VII

For Count VII, Plaintiff cites 29 C.F.R. § 1606.7, appears to allege that GSA required her to "Speak English" (as opposed to sign language), and concludes that this is why the agency refused to enter into a contract with her. (*See* Dkt. No. 47 at 11–12.) These allegations appear to be redundant with Plaintiff's original complaint. (*Compare* Dkt. No. 47 at 11–12, *with* Dkt. No. 3 at 5–11.) Moreover, § 1606.7 does not provide an additional cause of action. Section 1606.7, like all Equal Employment Opportunity Commission guidelines, does not have the force of law; it merely reflects "a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Gen. Elec. Co. v. Gilbert*, 429 U.S. 125, 141–42 (1976); *see also Albemarle Paper Co. v. Moody*, 422 U.S. 405, 431 (1975).

### 8. Count VIII

Plaintiff labels Count VIII "Negligence/Misrepresentation." (*See* Dkt. No. 47 at 12.) The factual allegations in Count VIII are impossible for the Court to decipher. Those allegations are as follows:

> 69. Defendant knew of this circumstances or requirements of the telephone at the time the contract was prepare for the Plaintiff.
>
> 70. Without a contract in place, Vanessa can't use the computer at GSA.
>
> 71. Without a contract in place, RR and GASA will not obtain a videophone.
>
> 72. Reiteration in her social media account and Apple ID cause damages to her in not having communication access at home.
>
> 73. As a promate usof defendant's actions, Plaintiff has suffered lost wages and benefits.

These allegations fail to state a claim for negligence, negligent misrepresentation, or any other cause of action of which the Court is aware. *See Ranger Ins. Co. v. Pierce County*, 192 P.3d 886, 889 (Wash. 2008) (listing the elements for negligence); *Merriman v. Am. Guarantee & Liab. Ins. Co.*, 396 P.3d 351, 360–61 (Wash. Ct. App. 2017) (listing the elements for negligent misrepresentation).

### 9. Count IX

Count IX purports to be a claim under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961–1968. (*See* Dkt. No. 47 at 12–13.) To state a claim under RICO, a plaintiff must allege "one or more defendant 'persons' conducted or participated in the activities of an 'enterprise' through a pattern of racketeering activity consisting of at least two predicate acts cognizable under RICO." *Capitol West Appraisals, LLC v. Countrywide Fin. Corp.*, 759 F. Supp. 2d 1267, 1272 (W.D. Wash. 2010). These allegations must be made "with particularity" and must include "'the who, what, when, where, and how,' of the misconduct charged." *See id.* at 1271 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104–05 (9th

Cir. 2003)). Count IX, however, does not state with particularity the wrongful acts that Relay Resources engaged in. Count IX instead begins with an unclear statement about "Defendants[']" efforts to "manipulate the legal system." (*See* Dkt. No. 47 at 13–14.) It then asserts that "Defendants have actively sought to hamper government anti-extremists by direct propaganda." (*See id.*) Finally, Count IX ends by listing provisions of the United States Code that Defendants have allegedly violated. (*See id.*) These allegations do not satisfy the pleading standard for a civil RICO claim. *See Capitol West Appraisals*, 759 F. Supp. 2d at 1271–72.

          10.    <u>Count X</u>

Count X is titled "Americans with Disability Notification Act of 2011." (*See* Dkt. No. 47 at 14.) "[T]he ADA Notification Act has been introduced multiple times . . . [but it] never became law." *Raetano v. Kally K's, Inc.*, 2009 WL 651808, slip op. at 7 n.3 (M.D. Fla. 2009). The Act cannot, therefore, provide the basis for any claim in this case.

### III.    CONCLUSION

For the foregoing reasons, the Court concludes that it would be futile and redundant for Plaintiff to amend her complaint to add her proposed claims against Relay Resources. The Court therefore DENIES Plaintiff leave to amend and STRIKES the claims against Relay Resources that Plaintiff has raised in her amended complaint (Dkt. No. 47). The Court also DENIES Relay Resources' motion to dismiss (Dkt. No. 52) as moot.

DATED this 31st day of October 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-0284-JCC
PAGE - 7