THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| DEBRA VANESSA WHITE, | CASE NO. C19-0284-JCC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| RELAY RESOURCES and GENERAL SERVICES ADMINISTRATION, | |
| Defendants. | |

This matter comes before the Court on Defendant CSDVRS, LLC's ("ZVRS") motion to dismiss (Dkt. No. 59). Having considered the parties' briefing and the relevant record, the Court STRIKES Plaintiff's amended complaint (Dkt. No. 47) in its entirety and DENIES ZVRS's motion to dismiss as moot.

## I. BACKGROUND

The Court previously set forth the underlying facts of this case and will not repeat them here. (*See* Dkt. No. 40 at 1–3.) On July 9, 2019, the Court dismissed all but one of Plaintiff's claims against Defendants General Services Administration ("GSA") and Relay Resources. (*See* Dkt. Nos. 40–41.) In doing so, the Court granted Plaintiff leave to amend her breach of contract claim. (*See* Dkt. Nos. 40 at 5–7, 41 at 7.) Plaintiff subsequently filed an amended complaint, but she did not amend her breach of contract claim. (*See* Dkt. No. 47.) Instead, Plaintiff added

several new defendants, including ZVRS, and asserted 10 new claims. (*See id.*) ZVRS now moves to dismiss Plaintiff's claims against it on the grounds that (1) the amended complaint fails to state a claim against ZVRS, (*see* Dkt. No. 59 at 5–9), and (2) Plaintiff failed to properly serve ZVRS, (*see id.* at 4–5).

## II. DISCUSSION

### A. The Court's Treatment of Plaintiff's Amended Complaint

As the Court previously explained in a different order, the Court will construe Plaintiff's amended complaint as a motion for leave to amend. (*See* Dkt. No. 80 at 2–4). Accordingly, the Court must analyze Plaintiff's implied "motion" under Rule 15(a) instead of Rule 12(b).

Rule 15(a)(2) states that "[the] court should freely give leave [to amend] when justice so requires." However, leave "need not be granted where the proposed amendment is futile." *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011). A proposed amendment is futile if it would be "subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). The test for whether a proposed amendment is futile is, therefore, identical to the test for whether a pleading survives a challenge under Rule 12(b)(6).[1] *See Nordyke*, 644 at 788 n.12 (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Accordingly, Plaintiff must allege sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that each defendant is liable for the misconduct alleged. *Id.* at 678.

### B. The Merits of Plaintiff's New Claims

Plaintiff proposes to add 10 claims against ZVRS. For the reasons explained below, the Court finds that those claims are futile.

---

[1] Given that the tests are identical, the Court will treat ZVRS's arguments under 12(b)(6) as arguments for why Plaintiff's proposed amendments are futile.

1. Count I

In Count I, Plaintiff brings a claim under 18 U.S.C. § 371 for "Defrauding the United States." (*See* Dkt. No. 47 at 8.) But Plaintiff fails to allege how ZVRS defrauded the United States. Plaintiff's amended complaint mentions ZVRS only three times: once to provide information about the company, (*see* Dkt. No. 47 at 3); once to state that "Vanessa White" is "the name used at . . . ZVRS," (*see id.*); and once to explain that ZVRS provides telecommunications services for federal agencies, including GSA, (*see id.* at 6). These fleeting references do not establish that ZVRS engaged in any type of fraud. More importantly, 18 U.S.C. § 371 "do[es] not provide for a private right of action." *Henry v. Universal Tech. Inst.*, 559 Fed. App'x 648, 650 (9th Cir. 2014). Count I therefore fails to state a claim.

2. Count II

For Count II, Plaintiff brings a claim under 18 U.S.C. Chapter 47. Chapter 47, like the rest of the United States Criminal Code, "provide[s] no basis for civil liability." *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Accordingly, Count II fails to state a claim.

3. Count III

Count III appears to be a due process claim. Plaintiff alleges that "Defendants" violated her "liberty to work" by "treating [her] as if she is a criminal . . . and requir[ing] [her] to provide an opportunity to appeal to EEOC and GSA EEO to explain her side of the story." (*See* Dkt. No. 47 at 9.) However, Plaintiff fails to allege that ZVRS acted in a way that violated Plaintiff's due process rights. (*See id.*) Nor is it plausible that ZVRS could have done so given that Relay Resources and GSA, not ZVRS, were Plaintiff's alleged employers. (*See id.* at 7.) Accordingly, Count III fails to state a claim against ZVRS. *See Iqbal*, 556 U.S. at 676 ("[A] plaintiff must plead that each . . . defendant . . . has violated the Constitution.").

4. Count IV

Count IV is a claim for "Violation of the Wagner Act Known as the National Labor Relations Act of (1935)." (*See* Dkt. No. 47 at 9–10.) The National Labor Relations Board has

exclusive jurisdiction over claims brought under the NLRA for unfair labor practices by employers. *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 108 (1989). Count IV therefore fails to state a claim over which the Court has jurisdiction.

### 5. Count V

In Count V, Plaintiff alleges that Defendants violated Title VII by refusing to enter into a contract with Plaintiff because of her "deaf accent." (*See* Dkt. No. 47 at 10.) A person's accent can sometimes serve as a proxy for their race or national origin. *See Conti v. Corp. Servs. Group, Inc.*, 2013 WL 2297140, slip op. at 7 (W.D. Wash. 2013) (citing *Fragrante v. City & County of Honolulu*, 888 F.2d 591, 596 (9th Cir. 1989)) ("[B]ecause accent is often tied to national origin in a way that language ability is not, the law is suspicious of decisions based on accent."). Accordingly, discrimination based on a person's accent can be actionable under Title VII. *See id.* at 7–8. Yet, Title VII does not prohibit discrimination based on a person's disability. *See* 42 U.S.C. § 2000e-2. And in this case, Plaintiff's "deaf accent" serves as a proxy for (or is a part of) her disability—not her race or national origin. As a result, Count V fails to state a claim.

### 6. Count VI

Count VI is a restatement of Plaintiff's disability discrimination claim from her original complaint. (*Compare* Dkt. No. 47 at 10–11, *with* Dkt. No. 3 at 12–16.) Those claims relate to Relay Resources and GSA, who were Plaintiff's alleged employers; the claims do not in any way relate to ZVRS, who was merely GSA's vendor. (*See* Dkt. No. 47 at 7.) Accordingly, Count VI does not state a claim against ZVRS.

### 7. Count VII

For Count VII, Plaintiff cites 29 C.F.R. § 1606.7, appears to allege that GSA required her to "Speak English" (as opposed to sign language), and concludes that this is why the agency refused to enter into a contract with her. (*See* Dkt. No. 47 at 11–12.) These allegations do not relate to ZVRS. Moreover, § 1606.7 does not provide an additional private cause of action. Section 1606.7, like all Equal Employment Opportunity Commission guidelines, does not have

the force of law; it merely reflects "a body of experience and informed judgment to which courts and litigants may properly resort for guidance." *Gen. Elec. Co. v. Gilbert*, 429 U.S. 125, 141–42 (1976); *see also Albemarle Paper Co. v. Moody*, 422 U.S. 405, 431 (1975).

### 8. Count VIII

Plaintiff labels Count VIII "Negligence/Misrepresentation." (*See* Dkt. No. 47 at 12.) The factual allegations in Count VIII are impossible for the Court to decipher. Those allegations are as follows:

> 69. Defendant knew of this circumstances or requirements of the telephone at the time the contract was prepare for the Plaintiff.
>
> 70. Without a contract in place, Vanessa can't use the computer at GSA.
>
> 71. Without a contract in place, RR and GSA will not obtain a videophone.
>
> 72. Reiteration in her social media account and Apple ID cause damages to her in not having communication access at home.
>
> 73. As a promate usof defendant's actions, Plaintiff has suffered lost wages and benefits.

These allegations fail to state a claim for negligence, negligent misrepresentation, or any other cause of action of which the Court is aware. *See Ranger Ins. Co. v. Pierce County*, 192 P.3d 886, 889 (Wash. 2008) (listing the elements for negligence); *Merriman v. Am. Guarantee & Liab. Ins. Co.*, 396 P.3d 351, 360–61 (Wash. Ct. App. 2017) (listing the elements for negligent misrepresentation).

### 9. Count IX

Count IX purports to be a claim under the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. §§ 1961–1968. To state a claim under RICO, a plaintiff must allege "one or more defendant 'persons' conducted or participated in the activities of an 'enterprise' through a pattern of racketeering activity consisting of at least two predicate acts cognizable under RICO." *Capitol West Appraisals, LLC v. Countrywide Fin. Corp.*, 759 F. Supp. 2d 1267,

1272 (W.D. Wash. 2010). These allegations must be made "with particularity" and must include "'the who, what, when, where, and how,' of the misconduct charged." *See id.* at 1271 (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104–05 (9th Cir. 2003)). Count IX, however, does not state with particularity the wrongful acts that ZVRS engaged in. Count IX instead begins with an unclear statement about "Defendants[']" efforts to "manipulate the legal system." (*See* Dkt. No. 47 at 13–14.) It then asserts that "Defendants have actively sought to hamper government anti-extremists by direct propaganda." (*See id.*) Finally, Count IX ends by listing provisions of the United States Code that Defendants have allegedly violated. (*See id.*) These allegations do not satisfy the pleading standard for a civil RICO claim. *See Capitol West Appraisals*, 759 F. Supp. 2d at 1271–72.

          10.    <u>Count X</u>

Count X is titled "Americans with Disability Notification Act of 2011." (*See* Dkt. No. 47 at 14.) "[T]he ADA Notification Act has been introduced multiple times . . . [but it] never became law." *Raetano v. Kally K's, Inc.*, 2009 WL 651808, slip op. at 7 n.3 (M.D. Fla. 2009). The Act cannot, therefore, provide the basis for any claim in this case.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that it would be futile for Plaintiff to amend her complaint to add claims against ZVRS. The Court therefore DENIES Plaintiff leave to amend and, in light of its prior orders, STRIKES her amended complaint (Dkt. No. 47) in its entirety. (*See* Dkt. Nos. 80–81.) The Court also DENIES ZVRS's motion to dismiss (Dkt. No. 53) as moot. Finally, the Court DISMISSES ZVRS from the case.

DATED this 31st day of October 2019.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE