THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBRA VANESSA WHITE, | CASE NO. C19-0284-JCC |
| Plaintiff, | ORDER |
| v. | |
| RELAY RESOURCES and GENERAL SERVICES ADMINISTRATION, | |
| Defendant. | |

This matter comes before the Court on Defendant Relay Resources' motion to compel. (Dkt. No. 92.) Having considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

**I.  BACKGROUND**

The Court set forth the facts of this case in a previous order and will not repeat them here. (*See* Dkt. No. 40 at 1–3.) Plaintiff, proceeding *pro se*, brings an employment discrimination claim against Defendant Relay Resources, alleging Defendant discriminated against her because she is deaf. (*See* Dkt. No. 47 at 10.) On November 25, 2019, Defendant served 31 requests for production and 13 interrogatories on Plaintiff. (Dkt. No. 93 at 1.) Plaintiff responded to these requests on December 21, 2019. (*Id.* at 1–2.) In response to the requests for production, Plaintiff objected to the requests on various grounds and did not indicate whether she was withholding

responsive documents. (*See id.* at 24–36.) In response to the interrogatories, Plaintiff raised broad objections and did not provide any of the requested information. (*See id.* at 38–43.) She also indicated in each response that she would later provide the requested information if it was "relevant" to responding the interrogatory. (*See id.* at 24–36, and 38–43.)

Defendant attempted to meet and confer with Plaintiff on December 23, 2019, two days after receiving Plaintiff's responses. (*See* Dkt. No. 93 at 47.) Defendant expressed concern with sufficiency of Plaintiff's responses and offered an extension for Plaintiff to supplement her responses. (*Id.*) Defendant also requested an in-person meeting to attempt to resolve the discovery dispute, but Plaintiff refused to meet outside the State of Virginia. (*See id.* at 51.) Plaintiff also refused a teleconference, stating that she did "not have any line of communication open except emails and written communication." (*See id.* at 2, 54.)

Accordingly, Defendant proceeded to email Plaintiff with specific examples of its "serious concerns regarding the insufficiency of [her] responses." (*Id.* at 55.) On December 27, 2019, Plaintiff supplemented her responses to the requests for production with three screenshots of email correspondence between Plaintiff and Defendant's employees about benefits. (*Id.* at 62–64.) She also provided Defendant with a scanned page from a yearbook. (*See id.* at 55–64.) In response, Defendant informed Plaintiff that if she did not provide responsive documents or answers to its interrogatories by the extended deadline, it had no choice but to file a motion to compel with the Court. (*See id.*) Instead of further supplementing her responses, Plaintiff replied, "Ok. File Motion to Compel." (*See id.* at 93.)

Defendant also claims that Plaintiff has not produced initial disclosures. (Dkt. No. 92 at 5.) The parties are required to provide initial disclosures within 14 days of holding a Rule 26(f) discovery conference. It is unclear from the record and the instant motion whether that conference was ever held.

On January 2, 2020, Defendant filed the instant motion, seeking an order compelling Plaintiff to produce documents responsive to its requests for production, provide substantive

answers to its interrogatories, and serve her initial disclosures. (Dkt. No. 92.)

**II. DISCUSSION**

**A. Meet and Confer Requirement**

Discovery motions are strongly disfavored. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If the parties are unable to resolve their discovery issues, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). Any such motion must contain a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." W.D. Wash. Local Civ. R. 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." *Id*.

The party requesting a motion to compel must also show that their efforts to meet and confer resulted in a genuine impasse. *See Advanced Hair Restoration, LLC v. Hair Restoration Ctrs., LLC*, C17-0709-RSM, Dkt. No. 29 at 3 (W.D. Wash. 2018) (denying motion to compel because "[t]here is no evidence that the parties reached an impasse"). After these requirements are satisfied by the requesting party, the Court has broad discretion to decide whether to compel disclosure of discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

Here, although the parties did not meet in person or have a telephone conference, Defendant made a good faith effort to satisfy the meet-and-confer requirement before filing the instant motion to compel. Defendant made multiple attempts to resolve its discovery dispute before reaching a genuine impasse on December 30, 2019, when Plaintiff told Defendant to "File Motion to Compel." (*Id.* at 65.) Consequently, Defendant has satisfied the meet-and-confer requirement.

//

**B.     Requests for Production**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1), 34(a). A plaintiff is required to "produce and permit the requesting party to inspect" the designated documents as long as the request is relevant and proportional. Fed. R. Civ. P. 34(b)(2)(B)–(C). If a party objects to a request for production, that party "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). If a party objects to part of a request, it must "specify that part and permit inspection of the rest." *Id.*

Here, the Court has reviewed Defendant's requests for production, and they appear to be relevant and proportional to the case. For example, Request for Production No. 2 asks for all documents relating to Plaintiff's employment, "including, but not limited to, Plaintiff's employment application, job offer, job descriptions, handbooks, manuals, policies, compensation records, requests for accommodation, and other such documents." (Dkt. No. 93 at 25.) Plaintiff objected on the grounds that the request was "unclear" and "vague." (*Id.*) However, Plaintiff's own response contradicts the assertion that the request is unclear and vague because she nevertheless provided several important dates relating to her employment history. (*Id.*)

Furthermore, Request for Production No. 9 asks for all of Plaintiff's "social media communication, including wall posts, private messages and/or threads, photographs, or other native data that relates to Plaintiff's employment with Defendant or Plaintiff's allegations and Complaint." Plaintiff objected to this request, stating that it was vague, unclear, and overbroad. But the request specifies designated documents and types of communications sought, and the Court finds this request sufficiently clear. Fed. R. Civ. P. 34(b)(1)(A). Nor is Defendant's request overly broad; the request is directly relevant to the disputed issues and proportional to the needs of the case. Fed. R. Civ. P. 26(b).

The Court finds that the additional 29 requests for production are similarly relevant and

proportional to the case. Thus, Plaintiff must also provide Defendant with any responsive documents in her possession. If Plaintiff finds a request objectionable in whole or in part, she must specifically indicate whether responsive materials are being withheld and permit inspection of the remaining documents. The Court acknowledges Plaintiff is not represented by counsel and that she may be responding to and cooperating with Defendant to the best of her ability. (*See* Dkt. No. 94 at 5.) Nevertheless, Plaintiff's perfunctory objections do not reflect a good faith effort to comply with discovery rules. Plaintiff must make reasonable efforts to provide documents responsive to Defendant's requests for production. Failure to do comply may result in sanctions, including dismissal of the present action. Fed. R. Civ. P. 37(b)(2)(A).

### C. Interrogatories

An interrogatory may seek information about "any matter that may be inquired into under Rule 26(b)," and "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(a)–(b). "The grounds for objecting to an interrogatory must be stated with specificity." *Id.* A responding party is not required to conduct extensive research to answer an interrogatory, but a reasonable effort to respond must be made. *Id.*; *see also Thomas v. Cate*, 715 F. Supp. 2d 1012, 1032 (E.D. Cal. 2010) ("Rule 33 imposes a duty on the responding party to secure all information available to it.").

The Court finds Defendant's interrogatories to be facially relevant and proportional to the needs of the case. The purpose of discovery is to enable parties to obtain relevant information in preparation of their case, and substantive answers are essential to achieving this purpose. Here, Plaintiff raised vague, broad objections to each of Defendant's 13 interrogatories and did not provide any of the requested information. (*See* Dkt. No. 93 at 38–43.) Notably, each of Plaintiff's responses states that she will provide the information requested if it is "relevant" to answering the interrogatories. (*See id.* at 39–43.) Evidently Plaintiff can provide the information but is unwilling to do so until the interrogatory is deemed "relevant." Plaintiff's responses to Defendant's interrogatories are obstructive and dilatory. Within 30 days, Plaintiff must provide

ORDER
C19-0284-JCC
PAGE - 5

Defendant with the information requested in each interrogatory. Failing to make reasonable efforts to respond to Defendant's interrogatories may result in sanctions under Rule 37, including dismissal of the matter.

   **D.   Initial Disclosures**

A party must provide initial disclosures "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1). Failing to fully investigate the case is not an excuse from making initial disclosures. *Id.* Initial disclosures are based on the information reasonably available to the party and must be provided within 14 days of the Rule 26(f) discovery conference. Fed. R. Civ. P. 26(a)(1)(C), (E). Conferences must take place "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1).

A scheduling conference occurred on July 16, 2019, and a scheduling order was entered the same day. (Dkt. No. 45.) Defendant has requested initial disclosures on multiple occasions, but roughly three months from the start of her trial, Plaintiff still has not provided this basic information. (*See, e.g.*, Dkt. No. 93 at 60, 67, 80.) Plaintiff is ordered to provide Defendant with initial disclosures at this time. Failing to provide this information may result in sanctions under Rule 37, including dismissal of the matter.

**III.   CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendant's motion to compel (Dkt. No. 92).

DATED this 14th day of February 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE