THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEBRA VANESSA WHITE, | CASE NO. C19-0284-JCC |
| Plaintiff, | ORDER |
| v. | |
| RELAY RESOURCES, | |
| Defendant. | |

This matter comes before the Court on Defendant's motion for sanctions (Dkt. No. 102). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion and DISMISSES Plaintiff's claims with prejudice for the reasons explained herein.

I.  **BACKGROUND**

Plaintiff, proceeding *pro se*, brings an employment discrimination claim against Defendant, alleging Defendant discriminated against her because she is deaf. (*See* Dkt. No. 47 at 10.) On January 2, 2020, Defendant filed a motion seeking an order compelling Plaintiff to produce documents responsive to its requests for production, provide substantive answers to its interrogatories, and serve her initial disclosures. (Dkt. No. 92.) On February 14, 2020, the Court granted Defendant's motion. (Dkt. No. 99.) The Court informed Plaintiff that failure to comply with the Court's order could result in sanctions under Federal Rule of Civil Procedure 37,

including dismissal of her case. (*Id.* at 5–6.) On February 24, 2020, the Court issued a minute order clarifying that Plaintiff had to respond to Defendant's interrogatories and provide initial disclosures by March 15, 2020. (Dkt. No. 100 at 1.) In that order, the Court again informed Plaintiff that failure to comply might result in sanctions under Rule 37, including dismissal of her case. (*Id.* at 1–2.)

On March 15, 2020, Plaintiff served her initial disclosures. (*See* Dkt. No. 103 at 6–11.) The initial disclosures did not include documents related to the claims as required by Federal Rule of Civil Procedure 26(a)(1)(A)(ii). (*See id*.) Plaintiff also served her "response and objections" to Defendant's interrogatories. (*Id.* at 13–28.) Plaintiff did not provide documents responsive to most of Defendant's requests for production. (*See id.* at 30.) On March 31, 2020, Defendant responded to Plaintiff, informing her that the responses were not sufficient and did not comply with the Court's order. (*See id.* at 29–30.) Defendant offered Plaintiff until April 13, 2020, to supplement her responses. (*Id.*) On April 13, 2020, Plaintiff supplemented her responses, raising many objections to the requests and adding little of the requested substantive information. (*See id.* at 32–52.)

On April 20, 2020, Defendant responded to Plaintiff and informed her that the April 13 responses were "still insufficient to move forward." (*See* Dkt. No. 102 at 4.) Further, Defendant gave Plaintiff two options for moving forward with the necessary discovery: Plaintiff could either provide supplemental responses and documents by April 28, 2020, or agree to file a stipulated motion to continue the trial date and discovery deadlines in order to complete discovery. (*Id.*) Plaintiff responded that same day with the following statement: "Go F yourself. I dare you. Have a nice day." (Dkt. No. 103 at 127.) Shortly thereafter, she sent another email clarifying that she would no longer be supplementing her interrogatories or providing responsive documents for Defendant's requests for production. (*See id.* at 152.) Since that correspondence, Plaintiff has not provided further discovery. The deadline for completing discovery passed on June 15, 2020. (*See* Dkt. No. 90.)

On May 19, 2020, Defendant filed the instant motion for sanctions, asking the Court to dismiss the case with prejudice pursuant to Rule 37(b). Since Defendant's motion was filed, Plaintiff has filed her own motion for sanctions, (*see* Dkt. No. 106), a declaration in support of her motion for sanctions, (Dkt. No. 107), an annotated version of Leonardo da Vinci's "The Last Supper," (Dkt. No. 105), an annotated excerpt from a yearbook, (Dkt. No. 105-1), and a motion to strike Defendant's counsel's declaration, (Dkt. No. 108).

## II.    DISCUSSION

### A.    Legal Standard

Rule 37(b)(2)(A) states that a district court may impose sanctions when a party fails to obey a discovery order. The court may impose sanctions including, but not limited to, striking pleadings or dismissing the action in whole or in part. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii).

Here, Plaintiff's near-total refusal to meet her discovery obligations under Rule 26 calls for serious sanctions. Indeed, the main question before the Court is whether dismissal of the action with prejudice pursuant to Rule 41(b) is appropriate in this case. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (holding district court properly dismissed with prejudice a case in which the plaintiffs "unnecessarily delayed the adjudication of the federal claims" and demonstrated no intention of proceeding in good faith).

### B.    Dismissal of Action with Prejudice

A district court considers five factors when deciding whether the circumstances of a case warrant dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Exxon Valdez,* 102 F.3d 429, 433 (9th Cir. 1996) (citing *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)).

Here, the first and second factors weigh in favor of dismissing this case. Courts in the Ninth Circuit have consistently held that "the public's interest in expeditious resolution of

litigation always favors dismissal." *Giddings v. Greyhouse Bus Lines, Inc.*, Case. No. C11-1484-RSM, Dkt. No. 120 at 6 (W.D. Wash. 2016) (quoting *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (internal citations omitted)). Plaintiff's initial complaint was filed on February 27, 2019. (Dkt. No. 3.) Plaintiff has since filed more than 30 different documents, including motions, letters to the Court, replies to Defendant's responses, and replies to the Court's orders, all seemingly intended to advance her case to a trial. And yet, despite her zealousness in filing material with the Court, Plaintiff still has not provided responsive discovery materials to Defendant. The Court will not continue to divert time and resources to a case in which Plaintiff—whose duty is to move the litigation towards a resolution on the merits—is refusing to participate in basic discovery.

Moreover, Plaintiff has consistently failed to fulfill her discovery obligations and was repeatedly warned by both the Court and Defendant that failure to comply could result in dismissal of her case. Her conduct is obstructive, inappropriate,[1] and not reasonably calculated to advance the litigation in good faith. Plaintiff's conduct offends the public's interest in an expeditious resolution and interferes with the Court's ability to manage its docket. Thus, the Court finds that the first and second factors both weigh in favor of dismissal with prejudice.

The third factor, risk of prejudice to Defendant, also weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re PPA*, 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). Here, Plaintiff's refusal to respond to Defendant's discovery requests has prejudiced Defendant by

---

[1] After several months of attempting to obtain discovery from Plaintiff, Defendant informed Plaintiff that if she did not supplement her responses by the extended deadline, it had no choice but to file a motion to compel with the Court. (Dkt. No. 93 at 65.) Instead of supplementing her responses, Plaintiff replied, "Ok. File Motion to Compel." (*Id.*) A similar impasse occurred three months after the Court granted Defendant's motion to compel and Plaintiff responded to Defendant's attempt to negotiate by saying, "Go F yourself. I dare you." (Dkt. No. 103 at 127.) This uncooperative behavior is wasteful and a drain on Defendant's and the Court's resources.

ORDER
C19-0284-JCC
PAGE - 4

precluding it from developing its defenses through discovery. That prejudice cannot be cured by anything short of dismissal because Plaintiff has repeatedly shown she is unwilling to provide basic discovery materials even when ordered to do so.

The fourth factor typically weighs against dismissal because, as a general matter, public policy favors disposing of cases on the merits. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). However, the Ninth Circuit has also explained that "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228; *In re Exxon Valdez*, 102 F.3d at 433. Here, the Court is presented with that exact scenario: public policy favors disposing Plaintiff's case on the merits, but her refusal to cooperate in discovery has prevented the case from moving towards a disposition on the merits. Furthermore, in 16 months of litigation, Plaintiff has provided little evidence to show that this case has merits on which it could be decided. Thus, the fourth factor weighs in favor of dismissal.

The fifth factor prompts courts to consider the availability of less drastic sanctions than dismissal with prejudice. Yet the Ninth Circuit acknowledges that even though "there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case." *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Courts need only reasonably explore "possible and meaningful alternatives" to the sanction of dismissal. *Id.* If a party fails to comply with a court's discovery order "due to inability, and not to willfulness, bad faith, or any fault of the disobedient party, the harshest sanction of dismissal is improper." *United States v. Sumitomo Marine & Fire Ins. Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980) (quoting *Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 212 (1958)).

Here, Defendant attempted to accommodate Plaintiff's demands and objections to reasonable discovery requests for several months before asking the Court to order Plaintiff to

supplement her insufficient discovery responses. (Dkt. Nos. 99, 100.) After the Court granted Defendant's motion to compel, Plaintiff continued to provide unreasonable, incoherent objections to Defendant's discovery requests.[2] (*See* Dkt. No. 103.) At this point, Defendant has diligently attempted to obtain basic discovery from Plaintiff for more than six months. (*See* Dkt. No. 103 at 127.) Plaintiff is apparently able to comply with the Court's order but has chosen to willfully defy it. Defendant should not be forced to continue litigating this case singlehandedly any longer. Thus, in light of Plaintiff's ongoing disregard for her discovery obligations, anything less than dismissal is likely futile. Therefore, the fifth factor weighs in favor of dismissal.

In conclusion, the Court finds that all five factors weigh in favor of dismissal. And Plaintiff has failed to comply with the Court's order by refusing to provide Defendant with discovery responses. Under these circumstances, the Court finds dismissal with prejudice to be appropriate. *See Morris*, 942 F.2d at 652.

### III. CONCLUSION

For the foregoing reasons, the Court hereby FINDS and ORDERS that:

1. Defendant's motion for sanctions (Dkt. No. 102) is GRANTED. Plaintiff's remaining claims are DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b).
2. Plaintiff's motion for sanctions (Dkt. No. 106) is DENIED as moot.
3. Plaintiff's motion to strike Defendant's counsel's declaration (Dkt. No. 108) is

---

[2] For example, in Request for Production No. 10, Defendant asked for "all documents, correspondence, and social media communications, including, but not limited to, text messages, Facebook messages or posts (public and private), and phone logs, between Plaintiff and any past or present employee or representative of Defendant that relates to Plaintiff's work for Defendant or the claims raised in the Complaint." (Dkt. No. 103 at 43.) In response, Plaintiff objected on at least four grounds, including that "Plaintiff will not produce documents set forth in Rules 34 of the Federal Rules of Civil Procedure and Local Civil Rules if there's any conceivable idea that could be turned into pornography, then that type porn already exists. This refers specifically to the immense ubiquity of porn materials across the internet, which cover a wide range of subjects that are considered socially unacceptable or just plain bizarre." (*Id.*)

1    DENIED as moot.

2    DATED this 26th day of June 2020.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C19-0284-JCC
PAGE - 7